IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYNER E.V.S., | Civil No. 1:26-cv-03554-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS IN PART |
| vs. | |
| WARDEN CALIFORNIA CITY DETENTION CENTER, | A# 220-845-018 |
| Respondent. | |

## **ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS IN PART**

Petitioner Jayner E.V.S.[1] is an immigration detainee proceeding with a petition

for writ of habeas corpus under 28 U.S.C. § 2241 (the "petition"), Dkt. No. 1, and an

application for temporary restraining order, Dkt. No. 2 (the "TRO application").

Upon entering the country in March 2022, Petitioner was arrested by

immigration officers and placed into removal proceedings under 8 U.S.C. § 1229a.  Dkt.

No. 1, at pg. 5.  Petitioner was then released on his own recognizance.  *Id.*  Immigration

officers next encountered Petitioner at the Turner Guilford Knight Correctional Center

in Florida, and they detained him.  Dkt. No. 7-1, at pg. 2.

---

[1]　　For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that his detention without a bond hearing violates his due process rights.[2]  Dkt. No. 1, at pg. 9.  Petitioner seeks either his immediate release or a bond hearing.  *See Id.* at pgs. 9–10.

Respondent does not dispute that Petitioner was initially detained in March 2022, then released on his own recognizance.  *See* Dkt. No. 7.  Instead, Respondent argues only that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2), and that he is not, therefore, entitled to either release or a bond hearing.  *Id.* at pg. 2.  This court and many others have rejected Respondent's argument that individuals in Petitioner's position are subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  *See, e.g.*, *Zenon A.C.F. v. Warden Cal. City Det. Ctr.*, No. 1:26-cv-02961-MWJS, 2026 WL 1257064 (E.D. Cal. May 7, 2026); *Vikrant S. v. Warden of the Golden State Annex Det. Facility*, No. 1:26-cv-02780-MWJS, 2026 WL 1235115 (E.D. Cal. May 5, 2026); *John M.Z. v. Noem*, No. 1:26-cv-02925-MWJS, 2026 WL 1125790 (E.D. Cal. Apr. 23, 2026).  Indeed, Respondent acknowledges the numerous cases in this district contrary to his position.  Dkt. No. 7, at pg. 3.  The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.

---

[2]  Petitioner also argues that detaining him without a bond hearing violates the Immigration and Nationality Act.  Dkt. No. 1, at pgs. 8–9.  Given the relief granted by the court, this claim is DENIED without prejudice.

Given the foregoing, the petition is GRANTED in part as to Count Two, for the reasons set forth in the cases cited above and the many others like them.  Respondent is therefore ENJOINED AND RESTRAINED from continuing to detain petitioner unless he demonstrates, within seven days of the date of this Order, by clear and convincing evidence at a bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. Respondent shall file a status report within ten days of the date of this Order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing.

Given the foregoing, the TRO application, Dkt. No. 2, is DENIED AS MOOT. The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

DATED:  May 12, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

_____

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-03554-MWJS; *Joyner E.V.S. v. Warden California City Detention Center*; ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS IN PART